**Robin ETHRIDGE, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**No. 4:11–CV–93–BO.**

United States District Court,
E.D. North Carolina,
Eastern Division.

May 16, 2012.

Susan M. O'Malley, Keel O'Malley Tunstall, LLP, Tarboro, NC, for Plaintiff.

Christian M. Vainieri, Mark J. Goldenberg, Social Security Administration, Baltimore, MD, for Defendant.

### ORDER

TERRENCE W. BOYLE, District Judge.

This matter is before the Court on cross-Motions for Judgment on the Pleadings. A hearing was held on these matters before the undersigned on May 9, 2012. For the reasons discussed below, the decision of the Administrative Law Judge is reversed.

### BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) disability payments pursuant to Titles II and XVI of the Social Security Act.

Plaintiff protectively filed for DIB and SSI on November 16, 2007, alleging disability since July 29, 2007. Her claims were denied initially and on reconsideration. On March 24, 2010, an Administrative Law Judge (ALJ) held a video hearing at which Plaintiff, her counsel, and a vocational expert (VE) appeared. After considering the claim de novo, the ALJ issued a decision on May 28, 2010, finding that Plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on April 28, 2011. Plaintiff then timely sought review of the Commissioner's decision in this Court.

### DISCUSSION

■ Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly lim-

its his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that Plaintiff met the insured status requirements and that she had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that Plaintiff had the following severe impairments; status post multiple injuries from a motor vehicle accident, obesity, optic atrophy on the right, depression, and post traumatic stress disorder. The ALJ went on to find that Plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step 3, and found that Plaintiff had a residual functional capacity (RFC) to perform light work with the following limitations: a sit-stand option, occasional climbing and balancing, the need to avoid concentrated exposure to hazards, frequent overhead reaching with the right upper extremity, and perform simple work with occasional or superficial interaction with other employees, supervisors, and the public. At step four, the ALJ found that Plaintiff could not perform her past relevant work, but found at step five that, considering Plaintiff's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. Accordingly, the ALJ found that Plaintiff was not disabled for the period of July 29, 2007, through May 28, 2010.

■ Plaintiff contends that the ALJ's decision is not supported by substantial evidence. Plaintiff was involved in a serious motor vehicle accident in July 2007 that resulted in multiple injuries including hip dislocation, sacral fracture, liver laceration, adrenal hematoma, transverse process fractures, and permanent vision loss in the right eye. Clearly the Commissioner does not contend that in the weeks and even months following the accident Plaintiff was able to return to work, but the Commissioner supports the decision of the ALJ who found that Plaintiff's condition had improved with time and thus found her not disabled.

The substantial evidence in the record, however, instead supports a finding to the contrary. In 2008, more than a year after the accident, the medical records indicate that Plaintiff's neck and low back pain and headaches were plaguing her. Tr. at 739. An MRI then revealed lumbar-sacral disc rupture and impingement on the nerve root. Tr. at 740. As recently as March 2009 Plaintiff's physician noted that Plaintiff continued to experience chronic pain since the motor vehicle accident. Tr. at 754. At that time Plaintiff was continuing to take a myriad of prescription medications for pain, including methadone and percocet. In June 2009, the medical records note that Plaintiff was continuing to take pain medication and Dr. Lovette again listed diagnoses and impressions of chronic pain due to trauma, lumbar radiculopathy, neck pain, and Arnold–Chiari malformation. Tr. at 786. While some of the more recent medical records note that the multiple sources of pain are controlled, the diagnoses and impressions listed above remain consistent, indicating that Plaintiff continued to suffer from chronic pain as a result of her injuries and required powerful prescription medications to control her pain.

Further, there is nothing in the treatment notes to indicate that Plaintiff's pain

would continue to be controlled were she to increase her daily activities. Plaintiff testified at the hearing before the ALJ that since the accident she has been unable to work, she requires assistance to dress, and her daily routine includes multiple rest breaks and very little physical activity.[1] Tr. at 33–34. The ALJ does not point to any objective findings in the record to support a contention that were Plaintiff to return to work her pain would continue to be controlled.

In addition to her physical symptoms, Plaintiff also suffered serious mental and emotional symptoms as a result of the trauma. In 2007 and 2008 Plaintiff was diagnosed with anxiety, depression, and post traumatic stress disorder (PTSD) and was noted to have memory loss and a Global Assessment of Functioning (GAF) score of 40%. Tr. at 621; 651. In August 2008 a consultative physician for the North Carolina Department of Health and Human Services diagnosed Plaintiff with PTSD, depression, cognitive disorder not otherwise specified secondary to frontal lobe damage, and personality change due to closed head injury. Tr. at 659. Though the record does support a finding that Plaintiff's symptoms of nightmares and panic attacks improved with medication, Plaintiff testified at the hearing that she continues to isolate herself, is too nervous to drive in a busy city, can no longer maintain her own checking account, becomes confrontational and violent with family members, and has continuing difficulties with memory and concentration. Tr. at 35; 40; 33. Such symptoms are consistent with both continued anxiety and depression as well as use of multiple prescription pain medications.

While the Commissioner points to evidence in the record supporting the contention that Plaintiff's condition had improved, the Court is wary to consider such evidence out of context. For example, in September 2007, Plaintiff's treating physician noted that her physical symptoms had improved greatly. Tr. at 616. This note was made two months following Plaintiff's accident, after Plaintiff had spent a month in the hospital and several weeks at a rehabilitation center. Plaintiff's condition likely had greatly improved at that point, given the state she had been in just a month earlier. The same treating physician went on to opine that Plaintiff would be unable to return to work for the foreseeable future, and would likely ever only be able to return to part-time employment. Tr. at 588–78. While the ALJ correctly noted that the determination of disability is reserved to the Commissioner, 20 C.F.R. 404.1527(e), the ALJ also rejected the treating physician's opinion entirely as being inconsistent with the record. However, the remainder of the record in this matter supports a finding that, while Plaintiff had indeed improved, her physical and emotional symptoms persisted, though perhaps not at the same level of acuity as in the month following her accident.

■ Given Plaintiff's condition at the time of the hearing, the Court finds that the ALJ's determination is not supported by substantial evidence in the record. Substantial evidence in the record does support a finding that Plaintiff continues to suffer from the physical and emotional effects of a major motor vehicle accident to a degree that she has been disabled since July 29, 2007. *See Crider v. Harris*, 624

---

1. The ALJ's decision noted some records of drug seeking behavior in her credibility determination of Plaintiff, though Plaintiff continued to be prescribed pain medication from the same physician, Dr. Lovette, who made such a notation. Tr. at 769–772. Also in the record is evidence that Plaintiff contacted Dr. Lovette to correct an earlier prescription error. Tr. at 765.

F.2d 15, 17 (4th Cir.1980) (finding that when "[o]n the state of the record, [Plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate). Whether any or all of these conditions will improve in the future such that Plaintiff is able to return to gainful employment is not an issue before the Court at this time.

## CONCLUSION

Because the Court finds that the ALJ's decision is not supported by substantial evidence, Plaintiff's Motion for Judgment on the Pleadings is GRANTED and Defendant's Motion for Judgment on the Pleadings is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.